CUSHING v. TEXAS & P. RY. CO. et al., and four other cases.

Civ. Nos. 883, 885–888.

United States District Court
E. D. Louisiana, Baton Rouge Division.

Aug. 24, 1951.

James J. Morrison, Arthur A. de la Houssaye, Browne & Rault, Raymond H. Kierr, New Orleans, La., for plaintiffs.

Breazeale, Sachse, Wilson & Hebert, Baton Rouge, La., for Texas & P. Ry. Co.

Deutsch, Kerrigan & Stiles, New Orleans, La., for Maryland Cas. Co. and Home Ins. Co. of New York.

WRIGHT, District Judge.

Five suits now consolidated were brought against the liability underwriters of the owner and charterer of the towboat Jane Smith as well as against the Texas & Pacific Railway Company to recover damages for the death of seamen employed aboard the vessel. The men were drowned when the towboat capsized and sank in the Atchafalaya River. Plaintiffs' right to bring a direct action against the underwriters of the owner and charterer is predicated on Title 22, § 655 of the Louisiana Revised Statutes of 1950.

The underwriters have moved to dismiss and for summary judgment, attaching to the motions copies of their policies in question. The grounds for the motion are fivefold: 1st, The Court has no jurisdiction over actions as to the underwriters because plaintiffs are proceeding under the Jones Act, 46 U.S.C.A. § 688. Since that statute creates no direct action against tort-feasor's underwriters no such

action can be authorized by state statute. 2nd, Section 655 of Title 22 of the Louisiana Revised Statutes of 1950 which authorizes a direct action against a tort-feasor's liability insurer does not apply to policies of marine insurance. 3rd, Section 655 would be unconstitutional if it purported to apply to policies of marine insurance in that it would infringe the exclusive constitutional grant to the federal government of jurisdiction over marine matters. 4th, Movers' assureds, the owner and charterer of the towboat Jane Smith, have initiated limitation of liability proceedings with respect to the accident in suit and the statutory injunction of the Limitation of Liability Act precludes the instant actions. 5th, Since plaintiffs are enjoined in the limitation proceeding from suing movers' assureds they are precluded by Section 655 itself from suing movers.

The plaintiffs on the other hand assert that they are not proceeding primarily under the Jones Act; that federal jurisdiction in this case is based on diversity of citizenship and jurisdictional amount and plaintiffs are proceeding against movers under Section 655 on the contracts of liability insurance which they contend are for the protection of the public as well as the assureds. They contend also that the regulation of insurance companies including marine insurance is a matter specifically reserved to the states by congressional act and this action under Section 655 is in no way affected by the so-called uniformity doctrine in admiralty. They contend further that the right of action as to the underwriters is unaffected by the limitation of liability proceeding in that that proceeding protects the owner as distinguished from the insurer and the insurer cannot set up as a defense to this action the owner's defense of limitation.

There are several reasons why this action may not stand as against the underwriters. In disposing of these motions, however, this court will cite but two.

The policies in question are marine protection and indemnity policies protecting the owner and charterer of the towboat Jane Smith against liability for personal injury and accidental death occurring on

board the vessel. This type of insurance is described in the Louisiana Insurance Code in Louisiana Revised Statutes of 1950, Title 22, Section 6, Subsection 13(e). Title 22, Section 6 defines and classifies the various types of insurance covered by the code. Liability insurance is defined in Section 6, Subsection (4),[1] whereas marine and transportation (inland marine) insurance is defined in Revised Statutes Section 6, Subsection (13).[2]

■ Louisiana Revised Statutes of 1950, Title 22, Section 655,[3] under which this action is brought, is entitled "Liability policy; * * * direct action against insurer" and relates solely to liability insurance as described in Title 22, Section 6, Subsection (4). The policies in suit, however, are policies of marine insurance described in Title 22, Section 6, Subsection 13(e). The legislature when it used the term "liability insurance" in Section 655 obviously intended to limit the application of that section to liability insurance. If it intended Section 655 to be applicable to marine insurance it would have said so. Plaintiffs argue that the term "liability insurance" used in Section 655 is broader than the definition of liability insurance in Section 6, Subsection (4). That argument, however, is unsupported by the basic principles of statutory construction. What purpose would there be in defining the types of insurance covered by the code if the very definitions given in the code are to be ignored by the code itself?

There is yet a more fundamental reason why the action brought against the underwriters must be abated. The charterer and owner of The Jane Smith have filed limitation of liability proceedings under Title 46, Section 183, U.S.C.A. Plaintiffs have filed their claims in that action covering the very claims here in suit. If this action against the shipowner's underwriters is allowed to proceed, the shipowner may be deprived of his right to indemnification against his underwriters. If these plaintiffs should be paid any part of their claims

1. "(4) Liability. Insurance against the liability of the insured for the death, injury or disability of an employee or other person, and insurance against the liability of the insured for damage to or destruction of another person's property."

2. 13.(e) "'Marine protection and indemnity insurance,' meaning insurance against, or against legal liability of the insured for, loss, damage, or expense incident to ownership, operation, chartering, maintenance, use, repair or construction of any vessel, craft or instrumentality in use in ocean or inland waterways, including liability of the insured for personal injury, illness or death or for loss of or damage to the property of another person."

3. Sec. 655—"No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured, shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person or his or her heirs against the insurer. The injured person or his or her heirs, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured has his domicile, and said action may be brought against the insurer alone or against both the insured and the insurer, jointly and in solido. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this state. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state."

in the limitation proceeding, then the shipowner under his contracts of insurance has a right to be reimbursed by his underwriters. If the underwriters' exposure on the policies is exhausted in paying the claims in this case, then the shipowner's right against his insurers will avail him nothing.

■ The effect therefore of allowing these plaintiffs to proceed directly against the shipowner's insurers would be to force the owner to turn his insurance into the limitation proceeding as part of "the interest of such owner in such vessel".[4] This the owner is not required to do. City of Norwich, 118 U.S. 468, 6 S.Ct. 1150, 30 L. Ed. 134.

The very purpose of the limitation of liability statute is to encourage the investment of capital in shipping in general and in ships in particular. At the time the limitation of liability statute was first adopted by the Congress of the United States in 1851 there was an essential difference between the limitation of liability statutes of the continental countries and that of England. In the continental countries such as Holland[5] and France[6], the value of the owner's interest after the collision or accident was surrendered in limitation, whereas in England under the Act of 53 George III it was the value before the accident which had to be accounted for. Consequently under the continental statutes limitation could be achieved simply by surrendering the vessel in the condition in which it was after the accident. The shipowner could then claim his insurance and reimburse himself for any losses resulting from the collision and the limitation. The English law on the other hand in effect required the shipowner to account in the limitation proceeding for his insurance money.

■■ Congress in passing Revised Statute, § 4283[7], our first limitation of liability statute, adopted the continental view. Norwich & N. Y. Transp. Company v. Wright, 13 Wall. 104, 80 U.S. 104, 20 L.Ed. 585.

Consequently the value of the interest to be surrendered in limitation under our law is the value after the collision, and the shipowner is then free to claim the insurance money as his own. City of Norwich, supra. It is true that in the City of Norwich the Supreme Court had before it for decision only the question of the accountability in limitation proceedings for the owner's hull insurance. However, it is clear from the reasoning in the City of Norwich that no real distinction can be drawn in this connection between hull and marine protection and indemnity insurance. The purpose of our limitation statute as distinguished from that of England was and is to provide a shipowner with a method not only of limiting his liability but also of protecting himself against loss by providing himself with insurance. Thus not only is capital encouraged to come into the merchant marine but a method is provided by which that capital may be replenished after losses resulting from the perils of the sea.

■ From the above it is obvious that the Congress of the United States under its constitutional prerogative to provide laws affecting admiralty and maritime jurisdiction has occupied the field of limitation of liability including contracts of insurance as they relate to the same. Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686. To give effect to the direct action statute of Louisiana by allowing these plaintiffs to proceed directly against the shipowner's insurers would not only work material prejudice to the characteristic features of the general maritime law but would also contravene the essential purpose expressed by an Act of Congress in a field already covered by that Act. Title 46, § 183, U.S.C.A.

In view of the foregoing the motions for summary judgment are granted and each of these proceedings is dismissed as to Maryland Casualty Company and Home Insurance Company of New York.

4. Title 46, § 183(a).

5. Grotius, War and Peace, Book 2, Chapter 11, Sec. 13.

6. French Ordonnance de la Marine 1681.

7. Now Title 46, § 183, U.S.C.A.

Since there is no just reason for delay let judgment be entered herein in accordance with Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A.