Claudie R. LOVLESS, Appellant,

v.

EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, Appellee.

No. 13893.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1955.

Raymond H. Kierr, New Orleans, La., for appellant.

René H. Himel, Jr., Malcolm W. Monroe, and Deutsch, Kerrigan & Stiles, New Orleans, La., for appellee.

1. Cf. Federal Death on the High Seas Act, 46 U.S.C.A. §§ 761–768; Jones Act, 46 U.S.C.A. § 688.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

On October 19, 1950, the Tug "Lakewyn" was operated by Jahncke Service, Inc. for delivering clam shells in the New Basin Canal at New Orleans. Claudie R. Lovless was employed by the company as deckhand on its towboat. About dusk that day he was injured when working aboard the barges which were loaded with shells and were being towed by the tug.

Lovless brought this action jointly against the vessel's owner and its liability underwriter. His damage suit is based upon the Jones Act, 46 U.S.C.A. § 688, and upon the Maritime Law. He claims also maintenance and cure in a second cause of action, under the general Maritime Law. There is diversity of citizenship between all parties. Plaintiff relies on Section 655 of the Louisiana Insurance Code, Title 22, LSA–R.S., to authorize his direct suit against the insurance company.

The insurance policy sued upon is a "standard workmen's compensation and employers' liability policy," in the amount of $15,000.00 to $25,000.00, issued at New Orleans, Louisiana by the Employers' Liability Assurance Corp., Ltd. to Jahncke Service, Inc. with respect to personal injuries sustained by its employees.[1] The policy contains a maritime endorsement making the damage coverage for employees' injuries applicable to maritime employment. The insurance company is required to defend the insured and to pay all court costs and expenses. The policy contains the usual provision which precludes payment to anyone until the insured shall have been held liable to pay damages; and it further provides that a state statute shall control over any provision in the insurance policy which is inconsistent with the statute.

The Employers' Liability Assurance Corporation, Ltd. moved in the trial court for dismissal and for summary judgment as to it, on the grounds that: (1) jurisdiction is lacking because the Jones Act creates no direct action against the underwriter of a seaman's employer; (2) the Direct Action provision, § 655, of the Louisiana Insurance Code, cannot constitutionally apply to marine insurance because it would infringe upon the exclusive Federal jurisdiction over maritime matters; and (3) the insurance contract excludes liability for maintenance and cure.

The District Court granted the motion for summary judgment on October 3, 1951,[2] and dismissed the action as to the Employers' Liability Assurance Corporation, Ltd., and plaintiff brings this appeal.

Here, urging upon us that, except that, in the Cushing case,[3] there was a limitation of liability proceeding and there is none here, the two cases are in substance the same, appellant insists that the law as decided in that case requires the reversal of the judgment in this one.

We agree that this is so. The judgment is accordingly reversed and the cause is remanded for further and not inconsistent proceedings.

1. This policy, No. WC–750185, Clause 1 (b), stipulates "to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada."

2. This was before the decision of this court, on July 31, 1952, in the case of Cushing v. Maryland Casualty Co., 5 Cir., 198 F.2d 536, reversing the judgment and decision of the district court reported in Cushing v. Texas & P. Ry. Co., D.C., 99 F.Supp. 681.

3. Cushing v. Maryland Casualty Co., 5 Cir., 198 F.2d 536; Maryland Casualty Co. v. Cushing, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 306.