COOK *v.* STATE FARM MUTUAL INSURANCE COMPANY

No. 41785          March 27, 1961          128 So. 2d 363

*Joseph H. Stevens, Carl E. Berry, Jr.,* Hattiesburg, for appellant.

*M. M. Roberts,* Hattiesburg, for appellee.

RODGERS, J.

Mrs. Virgil Cook filed her declaration in the Circuit Court of Lamar County, Mississippi, alleging that her husband John R. Cook lost his life in an automobile accident which occurred on October 23, 1959, near Bogalusa, Louisiana. Her husband was a passenger in an automobile driven by Irvin Cook which collided with an automobile operated by Kennard McConnico, a citizen of the State of Texas. The defendant, State Farm Mutual Insurance Company, was the insurer of the automobile operated by Irvin Cook, and the Allstate Insurance Company was the insurer of the car of McConnico. The plaintiff is a resident citizen of Lamar County and Irvin Cook is a resident citizen of Washington County, Mississippi. Suit was brought against the two above-named insurance companies.

The defendant Allstate Insurance Company settled the claim of the plaintiff and was properly released by order of the court. The defendant State Farm Mutual Insurance Company filed a motion asking the court to dismiss the declaration against it on the grounds that the defendant insurance company could not be sued by direct action since the law of the State of Louisiana permitting a suit against the insurance company before judgment against the insured is said to be procedural and has no extraterritorial effect. The court sustained this motion and the case was dismissed. The plaintiff

made bond and the case is here on appeal. It is argued on appeal that the defendant-appellee insurance company was qualified to do business in the State of Louisiana and in the State of Mississippi; that the action is brought by the plaintiff-appellant under Act No. 55, Louisiana Laws of 1930. The Direct Action Statute of the State of Louisiana, and that this law is a substantive law of the State of Louisiana and is not a procedural law, and, therefore, the action against the defendant, State Farm Mutual Insurance Company, could be maintained in the Circuit Court of the State of Mississippi.

The action here involves the construction of Act No. 55, Louisiana Laws of 1930, which is set out in full in the case of Burkett v. Globe Indemnity Company, 182 Miss. 423, 181 So. 316.

The Court later passed upon this question in the case of McArthur v. Maryland Casualty Co., 184 Miss. 663, 186 So. 305, in which Judge McGehee, speaking for the Court, in discussing a suggestion of error in the case of Travelers' Insurance Company v. Inman, 157 Miss. 648, 128 So. 878, quoted from that opinion as follows: "In administering the laws of the State of Louisiana, of course, we are bound by the construction given such laws by the Supreme Court of Louisiana." And in this case he said: "Therefore, in view of the decisions of the Court of Appeals of Louisiana, hereinbefore referred to, holding that Act No. 55 of 1930 is procedural and remedial, and which we feel obligated to follow, whether we are inclined to fully agree with that interpretation of the act or not, it results that the same should be given no extraterritorial effect * * * " The plaintiff insists that the Supreme Court of the State of Louisiana in the case of West, et ux v. Monroe Bakery, Inc., et al., 217 La. 189, 46 So. 2d 122, was reexamined by the Supreme Court of the State of Louisiana and that the Supreme Court held

that Act No. 55 of the Laws of 1930 conferred substantive rights.

The appellant also argues that in the case of Lumbermen's Mutual Casualty Company v. Elbert, 75 S. Ct. 151, 358 U. S. 48, the United States Supreme Court upheld the right of an injured third party to bring a direct action based upon diversity of citizenship against an insurance company not in Louisiana, and that such party was not a nominal party but was the real party in interest. We do not believe this case requires us to overrule the McArthur case, supra, because of the following general rules and cases on conflicts of law.

"While the substantive rights of the parties to an action are governed by the lex loci, the law of the place where the right was acquired or the liability was insurred, see the C. J. S. title Actions, Sec. 2 a, the lex fori see supra Sec. 9, or law of the jurisdiction in which relief is sought, controls as to all matters pertaining to remedial, as distinguished from substantive, rights. This rule, which has been embodied by the American Law Institute in its Restatement of the Law of Conflict of Laws, obtains whether the action is on contract or for tort.

"The rule of comity extends to *substantive rights* only and does not in general apply to remedies. Each state regulates its own jurisprudence in its own way, and procedural statutes cannot be given extraterritorial effect. Litigants who, although nonresidents, resort to the courts of a state or are compelled to appear therein may not insist upon the trial of their rights by some other or different rules of procedure which may prevail in the state in which the cause of action arose.

"The only uncertainty which may arise concerning the rule that the lex fori regulates all remedial matters results from the conflicting views as to what matters fall within one or the other of such classes of rights, or where the same claim may, according to the surrounding conditions, fall into either class. Matter of substance,

whether presented by way of an objection to the admissibility of evidence or as a point in pleading, is a matter of right, and not of remedy, but it is frequently difficult to ascertain whether a particular inquiry relates to the remedy or to a substantive right." (Emphasis ours.) 15 C. J. S., Conflict of Laws, pp. 948-949.

In the case of Martin v. Talcott, 146 N. Y. S. 2d 784, where a suit is brought in New York for personal injuries which occurred in New Jersey where the defendants were sued as testamentary trustees and not as individuals, it is said: "It has been held in New Jersey that, where a trustee is sued only in his representative capacity, the complaint must be dismissed, because an amendment will not be permitted to change the capacity in which a defendant is sued, Boyle v. Nolan, supra. (123 N. J. L. 365, 8 A. 2d 358). However, it is the law of the forum which determines not only questions as to who may be sued but also questions as to the form and amendment of the pleadings (Restatement, Conflict of Laws, Secs. 588, 592.)"

The general law is set out in 11 Am. Jur., Conflict of Laws, Sec. 187, pp. 500-501, as follows: "The ultimate question whether several defendants may be sued individually or must be sued collectively depends upon the question, which must be first determined, whether the obligation or the transaction out of which the claim arises is joint, or joint and several, or merely several. This is a question which goes to the legal effect of the contract or transaction, and as such is to be determined by the law of the state where the contract was made or the transaction arose. Where, according to the law of that state, the contract or the transaction is determined to be joint or joint and several, and not merely several, the question whether, upon a joint or joint and several contract or transaction the several defendants must or may be sued jointly or severally, or whether an interme-

diate number may be sued, is a remedial question which must be determined according to the law of the forum."

"There may be said to be five instances wherein it is generally considered that the municipal law of the State where the question is raised (lex fori) forbids the enforcement of a foreign law. (1) Where the enforcement of the foreign law would contravene some established and important policy of the State of the forum; (2) where the enforcement of such foreign law would involve injustice and inquiry to the people of the forum; (3) where such enforcement would contravene the canons of morality established by civilized society; (4) where the foreign law is penal in its nature; and (5) where the question relates to real property." Minor, Conflict of Laws, p. 9. See also 77 A. L. R. 1108, Anno.

In a Louisiana case interpreting Mississippi law, the question of conflict of law as to procedure was discussed, as follows: "Lynch v. Postlethwaite (1819) 7 Mart. (La.) 69, 12 Am. Dec. 495, was an action for breach of a contract executed in Mississippi, in which the plaintiff failed to join all the parties to the contract, who were partners. Under the law of Mississippi a partner sued alone might abate the suit on the ground of nonjoinder of his partners. The court held that the question was one of remedy and must be governed by the law of Louisiana—the forum—under which the obligation of the partners was joint and several, and they could be sued individually or collectively at the option of the creditors." 77 A. L. R., Conflict of Laws, Anno., p. 1109.

In the State of Arkansas the Mississippi law of procedure in the Mississippi courts was examined to determine what law was applicable in the Arkansas court in the following case: "In this case the plaintiff brought assumpsit in his own name on a judgment obtained by an administratrix in Mississippi, alleging that, under an order of the Probate Court of that State, the administratrix had sold the judgment, and the plaintiff had pur-

chased, and taken an assignment of it to himself. On demurrer to the declaration, Held, That the action should have been debt, and not assumpsit; and that, in the absence of any allegation in the declaration that there was a statute of Mississippi authorizing the purchaser of a judgment at administration sale to sue thereon in his own name, he could not maintain the action here, but the suit should have been brought in the name of the plaintiff in the judgment.'' Syllabus, Morehead v. Grisham, 13 English Reports, Vol. VIII, p. 431.

In 62 A. L. R. 2d 496, two Mississippi cases are discussed where the law of the forum is applied: ''Although under the law of Louisiana the assignee, (syndic) of an insolvent was entitled to sue upon an open account belonging to the insolvent, it was held in Tully v. Herrin (1870), 44 Miss. 626, that he could not maintain in Mississippi a suit at law on the account in his own name, the court pointing out that his beneficial interest in the chose in action would be respected and enforced, but that, touching the remedy, he must submit to the law of the forum. * * *

''In Kirkland v. Lowe (1857) 33 Miss. 423, 69 Am. Dec. 355, it was held that an insolvent could maintain an action to recover money due upon an open account, notwithstanding the appointment of a 'syndic' in Louisiana, the court pointing out that the law of the forum governed the question of who should be a party to an action. Under the law of Louisiana the 'syndic' was entitled to bring the action.''

In the case of Aetna Freight Lines, Inc. et al. v. R. C. Tway Co., Inc., d.b.a. Kentucky Manufacturing Company, 62 A. L. R. 2d 480, where a suit was filed against a manufacturer of a trailer by the owner to recover the amount paid in settlement of a claim of a person injured when the drawbar holding the trailer broke—the question was whether the owner and lessee, or their liability insurer which loaned the money to make the settlement,

were the real parties in interest—is a matter of procedure controlled by the laws of the forum rather than the law of the state where the accident occurred. The Court said matters of procedure are determined by the law of the forum and the question of who must sue or be sued is a procedural question.

See 11 Am. Jur., Conflicts of Law, Sec. 187, p. 500; Rest. of the Law, Conflicts of Law, Sec. 588, p. 705.

In the case of Kirkland and Company v. Lowe, Pattison & Company, 33 Miss. 423, where the question arose as to who was a necessary party to a suit, the Court held that the question as to who were proper parties to a suit relate to the form of the remedy rather than to the right or merit of the claim and is to be determined by the laws of the forum.

In the case of the Bank of Louisiana v. D. P. Williams, et ux., 46 Miss. 618, the Court held that where a foreign creditor comes into this State and seeks compulsory payment of a debt made by his wife, he must submit himself to the law of the forum for his remedy. He must consult the rules and regulations which govern courts here as to the form of the suit, according to the character of his right. Our system of jurisprudence determines whether he must sue at law or in chancery.

National Mutual Casualty Company v. Blackford, 141 S. W. 2d 54 (Ark. 1940). This case was tried in Arkansas but under the statute of Oklahoma, as construed by the Supreme Court of that state, a liability policy containing provisions that the insurer agrees to pay any final judgment of personal injuries caused by motor vehicle operation, that a judgment creditor may maintain an action to compel payment and insurer agrees that if it fail to pay such final judgment, an action may be maintained against insurer to compel payment. The laws of Arkansas will not permit the joining of a suit on a contract of an insurance company and a suit for the accident, or, that is to say, a suit ex delicto and ex contractu.

The law in question here, Act 55, Louisiana Laws of 1930, which is set out in Burkett v. Globe Indemnity Company, 182 Miss. 423, 181 So. 316, is a law that requires each liability insurance company doing business in the State of Louisiana to write into its policy "a provision to the effect that the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the policy, and any judgment which may be rendered against the assured, for which the insurer is liable, which shall have become executory, shall be deemed prima facie evidence of the insolvency of the assured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person or his or her heirs against the insurer company. Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido."

The liability companies doing business in Louisiana write into their contracts an agreement that they may be sued "alone, or against both the assured and the insurer company, jointly and in solido."

▮▮ There is no charge made in the declaration filed in Lamar County that the contract here sued on complies with the Louisiana law, nor is it shown that this contract is a Louisiana contract. On the other hand, it is said that the insured Irvin Cook is a resident citizen of the State of Mississippi. Therefore, if the State Farm Mutual Insurance Company's contract with Irvin Cook prevents a suit against the insurance company until judgment has been obtained against him, no suit could be maintained against the insurance company by virtue

of this contract. If it is a Mississippi contract, although the accident occurred in Louisiana and although the defendant State Farm Mutual Insurance Company could be sued in the courts of Louisiana by virtue of its agreement with the State of Louisiana, it could not be sued in Mississippi until the provisions of its contract with Irvin Cook had been observed.

We are not, however, satisfied to rest this opinion upon the contract of insurance between the State Farm Mutual Insurance Company and Irvin Cook. It is the opinion of this Court that a litigant cannot sue in the courts of any country, whatever his rights may be, unless in conformity with the rules prescribed by the laws of that country. A claimant must take the law as he finds it; he cannot place himself in a better position than other litigants by invoking laws and procedures of a foreign sovereignty. Societe Internationale, etc. v. McGranery, 111 F. Supp. 435.

Where a statute conferring a special or peculiar remedy is enacted by a state, such a remedy will not be extended to actions brought in another state unless by a fair and reasonable construction is applicable to that state and it is within the competency of the court of the forum to determine what is a matter of procedure and of substance. 15 C. J. S., Conflicts of Law, Sec. 22, p. 949.

We now therefore reaffirm the case of McArthur v. Maryland Casualty Company, supra, and hold that insofar as this State is concerned the law of Louisiana, Act No. 55, Laws of 1930, is procedural and remedial and the law of the forum, that is to say, Mississippi, will be applied. The case is therefore affirmed.

Affirmed.

*Lee, Gillespie, McElroy* and *Jones, JJ.,* concur.