Hershel PEARSON et al., Appellants,

v.

GLOBE INDEMNITY COMPANY,
Appellee.

Dudley SEAY, Appellant,

v.

AMERICAN FIRE AND CASUALTY
COMPANY, Appellee.

Nos. 19766, 19782.

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1962.

No. 19766:

Josh M. Morse, III, Poplarville, Miss.,
for appellants.

P. D. Greaves, Gulfport, Miss., Thomas B. Weatherly, Gaius G. Gannon, Jr., Houston, Tex., for appellee.

No. 19782:

Josh M. Morse, Poplarville, Miss., for appellant.

P. D. Greaves, Gulfport, Miss., David Bland, Houston, Tex., for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

The question before us is whether the court below erred in dismissing a direct action brought in the District Court of the United States for the Southern District of Mississippi against appellee, insurer of a Louisiana motorist who was alleged to have negligently injured appellant in an automobile accident occurring in Louisiana.

The plaintiff-appellant is a resident of Mississippi and was involved in an automobile accident in Louisiana. The other party to the accident was a resident of Louisiana and was insured by appellee Insurance Company, which does business both in Mississippi and in Louisiana. The policy of insurance was issued in Louisiana.[1]

Plaintiff-appellant brought this action in the United States District Court for the Southern District of Mississippi and that Court granted defendant-appellee's motion to dismiss under Rule 12(b), Federal Rules of Civil Procedure, on the ground that the Louisiana Direct Action Statute[2] does not operate extra-territor-

[1.] The facts above set out apply to both of the cases joined on appeal—an identical question of law is presented in each case. This opinion is written in Number 19782, Seay v. American Fire and Casualty Company, but everything contained in this opinion applies also in Number 19766, Pearson et al. v. Globe Indemnity Company.

[2.] 22 LSA–R.S. § 655. " * * * The injured person or his or her survivors or heirs hereinabove referred to at their option, shall have a right of direct action against the insurer within the terms and

ially in Mississippi, as held in a recent decision of the Supreme Court of Mississippi.[3]

Appellant claims error, urging that the Louisiana Statute is substantive and must be applied in a federal court. Appellee insists that the statute is procedural and need not be given effect in Mississippi courts, state or federal, and that the court below correctly dismissed this action.

■■ Inasmuch as federal jurisdiction here rests on diversity of citizenship, the District Court was obliged to decide the case by applying the law of the State of Mississippi, Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, including its conflict of laws doctrine, Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. And "the proper function of the [Mississippi] federal court is to ascertain what the state law is, not what it ought to be." Klaxon Co., supra, at p. 497, 61 S.Ct. at p. 1022. Mississippi's law and policy are clear; the Louisiana Direct Action Statute does not operate extra-territorially in Mississippi. Cook v. State Farm Mutual Ins. Co., 241 Miss. 371, 128 So.2d 363.

Appellant's main reliance is on Collins v. American Auto Ins. Co., 2 Cir., 1956, 230 F.2d 416, holding that United States District Courts sitting in New York must entertain actions based on Louisiana's statute. But that case was bottomed upon the assumption that New York state courts would "enforce" the Louisiana law. Collins, supra, at p. 422.[4] The rationale of Collins, therefore, is favorable to appellee's position. And there is no doubt about Mississippi's rule as to the extra-territorial operation of the statute. And, sitting as a Mississippi court, we apply Mississippi "procedural" law if there is nothing to the contrary in the Federal Rules of Civil Procedure or the federal statutes. Our case of Wells v. American Employers' Ins. Co., 1942, 5 Cir., 132 F.2d 316, is directly in point.

■ Unless it should be that Mississippi is obligated to give effect to Louisiana's statute under the full faith and credit clause of the Constitution, Art. 4, § 1, United States District Courts sitting in Mississippi have no choice but to dismiss direct actions against insurers based on the Louisiana statute. "Nothing in the Constitution ensures unlimited extraterritorial recognition of all statutes

limits of the policy in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled, and said action may be brought against the insurer alone or against both the insured and insurer jointly and in solido, at the domicile of either or their principal place of business in Louisiana. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this state. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or

contracts are not in violation of the laws of this state."

3. Cook v. State Farm Mutual Ins. Co., 1961, 241 Miss. 371, 128 So.2d 363; Accord in Texas, Penny v. Powell, S.Ct. Texas, 1961, 162 Tex. 497, 347 S.W.2d 601; Illinois does not apply the Wisconsin Direct Action Statute, Wis.Stats. § 260.11; Mutual Service Casualty Ins. Co. v. Prudence Mutual Casualty Co., 25 Ill. App.2d 429, 166 N.E.2d 316.

4. It has developed, however, that this assumption was incorrect. See Morton v. Maryland Casualty Co., S.Ct.N.Y., App. Div., 1955, 1 A.D.2d 116, 148 N.Y.S.2d 524. It is clear that the Court of the Second Circuit which decided Collins February 14, 1956 was not aware of the Morton case, decided December 29, 1955; but after its attention was called to the Morton case, it did not change its view. See 57 Columbia L.Rev. (1957), page 256, and see especially pages 258–259, where the situation is fully discussed.

or of any statute under all circumstances. Pacific Employers Insurance Co. v. Industrial Accident Comm'n, 306 U.S. 493 [59 S.Ct. 629, 83 L.Ed. 940]; Kryger v. Wilson, 242 U.S. 171 [37 S.Ct. 34, 61 L. Ed. 299]." Klaxon v. Stentor Electric Mfg. Co., supra, 313 U.S. p. 498, 61 S.Ct. p. 1022.

The fact is, moreover, that it does not appear that the Louisiana statute purports to operate extra-territorially, 22 LSA–R.S. 655 provides:

"The injured person or his or her survivors or heirs hereinabove referred to at their option, shall have a right of direct action against the insurer *within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled, * * *.*" [Emphasis added.]

But see the discussion of this idea by the New York Court in Morton, supra, 148 N.Y.S.2d at pp. 529–530.

The judgment of the court below is Affirmed.