**Jerry L. NOE and Shirley Ann Noe, Appellants,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.**

No. 51731.

Supreme Court of Missouri, Division No. 2.

Sept. 12, 1966.

*Motion to Transfer to Court En Banc or for Rehearing Denied Oct. 10, 1966.*

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Schroff, Springfield for respondent.

STOCKARD, Commissioner.

The issue here presented is whether an action may be maintained in the courts of this State under a Louisiana statute which gives a right of direct action by an injured person against a liability insurer for the damages he has sustained, irrespective of whether or not a judgment has been first obtained against the insured.

The Louisiana statute (La.Rev.Stat. 22:655), in its parts here material, provides that an "injured person * * * shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana."

Plaintiffs' petition is in two counts. The first is on behalf of Jerry L. Noe who alleged that he was injured in the State of Louisiana as the result of the negligence of Dr. Hugh Lamensdorf who was insured by a policy of liability insurance issued by defendant. The second count is on behalf of Shirley Ann Noe, wife of Jerry, for loss of consortium. Defendant contends that no action by a wife for loss of consortium exists under the Law of Louisiana, but we need not rule that question. The trial court dismissed the petition for failure to state a cause of action against defendant, and plaintiffs have appealed. We have juris-

Daniel, Clampett, Ellis, Rittershouse & Dalton, Donald W. Jones, Springfield, for appellants.

diction by reason of the amount of the prayer.

There is no statute in Missouri comparable to the direct action statute of Louisiana, and there is no contention that plaintiffs are entitled to maintain this suit in this State except on the basis of the Louisiana statute. Plaintiffs contend that the statute is substantive, and that pursuant to the full faith and credit provision of the federal Constitution they are entitled to maintain in this State this direct action against the alleged tort-feasor's liability insurer. Defendant, on the other hand, contends that the statute is procedural only and has no extra-territorial effect.[1]

It is the general rule that the court at the forum determines, according to its own rules as to conflict of laws, whether a given foreign law is substantive or procedural, but in making this determination it will give consideration to the interpretation of the foreign law by the courts of that state. Hopkins v. Kurn, 351 Mo. 41, 171 S.W.2d 625, 149 A.L.R. 762; Restatement, Conflict of Laws, § 584. In our examination of the Louisiana direct action statute, we are immediately impressed with the fact that it does not in express terms impose liability on or create a new cause of action against the insurer. Instead, it purports to create a method or procedure for enforcing in the courts of that State the cause of action which came into being by the tortious act of the insured. Following the provisions of the statute quoted above, it is further provided that it is the "intent" of the statute that "all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable". Thus it recognizes that the cause of action is based on the liability of the insured, and that the statute is designed to afford a procedural remedy to enforce that liability. In addition, the language of the statute creating the right of action directly against the insurer to enforce the liability of the insured to the injured person expressly provides where the remedy there authorized may be exercised, and it limits that right to the courts of Louisiana in certain designated parishes. Although the direct action statute, by amendment, now provides that the action may be brought in additional parishes in Louisiana than previously authorized, the effect of such a limitation contained in the statute creating the right of action was expressly recognized in Morton v. Maryland. Casualty Company, 1 A.D.2d 116, 148 N.Y.S.2d 524, affirmed 4 N.Y.2d 488, 176 N.Y.S.2d 329, 151 N.E.2d 881; Pearson v. Globe Indemnity Company, 5 Cir., 311 F.2d 517; and Oltarsh v. Aetna Insurance Company, 15 N.Y.2d 111, 256 N.Y.S.2d 577, 204 N.E.2d 622. In the Morton case it was held that "the right and the remedy are so united that the right cannot be enforced except in the manner and before the tribunal designated by the act."[2]

We shall consider now what the courts of Louisiana have had to say concerning the rights created by this direct action statute. In Finn v. Employers' Liability Assurance Corporation, La.App., 141 So.2d 852, the court said this: "Nor do we find any merit in the contention that the direct-action statute created separate and distinct causes of action, one against the insurer

---

**1.** The parties have briefed this case upon the long accepted distinction between substantive and procedural law as establishing the basis for the proper choice of law. As in Toomes v. Continental Oil Company, Mo., 402 S.W.2d 321, we are not called upon to re-examine those concepts or examine new approaches made in some other jurisdictions.

**2.** In the Morton case it was stated that the Louisiana direct action statute was con-

sidered to be "substantive," a classification with which we disagree, but that by its terms the action could be maintained only in the designated courts of Louisiana. In our opinion a statute conferring a right of action limited by its express terms in its application to the state of enactment is "procedural" within the concept of the conflict of laws doctrine.

alone and another against the insurer and the insured. The statute is remedial in character, rather than substantive, and does not create causes of action." Other similar rulings of the Louisiana Court of Appeal may be found in Rossville Commercial Alcohol Corporation v. Dennis Sheen Transfer Co., Inc., 18 La.App. 725, 138 So. 183; Lowery v. Zorn, La.App., 157 So. 826; Robbins v. Short, La.App., 165 So. 512, Mock v. Maryland Casualty Company, La. App., 6 So.2d 199; Churchman v. Ingram, La.App., 56 So.2d 297. We have found no court of appeal decision to the contrary. In Burke v. Massachusetts Bonding & Insurance Co., 209 La. 495, 24 So.2d 875, the Supreme Court of Louisiana had the issue squarely before it. There the plaintiff was injured in Mississippi as the result of the negligence of her husband, and under the law of Mississippi one spouse had no cause of action against the other for tort, and Mississippi had no direct action statute. The Louisiana Supreme Court said this: "It is conceded that Act 55 of 1930 [the direct action statute] is procedural and not substantive, and it is only by virtue of the statute that plaintiff brought her suit in Louisiana. Plaintiff insists that since the statute creates no substantive right, the case must be governed by the law of the place where the remedy is sought. But the statute merely gives a claimant a direct right of action against the liability insurer when he has a cause of action against the insured, or where the insured would be liable but for immunity personal to him. The statute does not give plaintiff any more rights than she has under the law of Mississippi. It only furnishes her with a method to enforce in Louisiana whatever rights she has in Mississippi. Since she has no cause of action under the law of Mississippi, necessarily Act 55 of 1930 confers upon her no cause of action in Louisiana. The mere fact that under the statute plaintiff was able to obtain jurisdiction against her husband's liability insurer in a direct action in this State does not create, as against her husband, or as against his insurer, a substantive cause of action that does not exist

under the law of the State where the wrongful act occurred." In Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909, 914, the court stated that the direct action statute "is purely remedial and does not affect substantial rights under the insurance contract nor impair its obligations." In the Home Insurance Co. v. Highway Insurance Underwriters, 222 La. 540, 62 So.2d 828, the court held the direct action to be remedial because it avoids the necessity for recovery from an insured and then subsequently from an insurer, and it spoke of the act as being "remedial enlargements and remedies of procedure to better insure recovery for an injured person".

Courts of other jurisdictions have held the Louisiana direct action statute to be procedural. See McArthur v. Maryland Casualty Co., 184 Miss. 663, 186 So. 305, 120 A.L.R. 846; Cook v. State Farm Mutual Insurance Company, 241 Miss. 371, 128 So.2d 363; Goodin v. Gulf Coast Oil Company, 241 Miss. 862, 133 So.2d 623; Penny v. Powell, 162 Tex. 497, 347 S.W. 2d 601; and Pearson v. Globe Indemnity Company, 5 Cir., 311 F.2d 517.

The only basis for any different view concerning the Louisiana statute is West v. Monroe Bakery, 217 La. 189, 46 So.2d 122. In that case the insurer was sued in Louisiana for an injury occurring in Louisiana, and the insurer claimed it was released from its liability under the terms of its policy of insurance because the insured had failed to comply with the cooperation clause. The court said this: "An analysis of our jurisprudence considered by the Appellate Court [which had sustained the contention of the insurer] in reaching its conclusion discloses that with two exceptions Act 55 of 1930 has been treated consistently as conferring *substantive rights* on third parties to contracts of public liability insurance, which become vested at the moment of the accident in which they are injured," subject only to such defenses as the tort-feasor himself may legally interpose. The two cases referred to, Howard v. Rowan, La.App., 154

So. 382, and State Farm Mut. Automobile Ins. Co. v. Grimmer, D.C., 47 F.Supp. 458, held that under the facts of each case the failure of the insured to notify the insurer of the accident, as was required by the terms of the policy, relieved the insurer from liability on its contract. When we read the West case, we conclude that it dealt only with the question of whether the failure of the insured to give reasonable notice to his insurer resulted in the injured person being denied the right granted by the direct action statute to enforce directly his cause of action for his injuries against the insurer. The court held in the West case that it would be contrary to the public policy of that State as set forth in the direct action statute for the existence of that right to depend upon the actions of another. While the opinion referred to "substantive rights," we agree with the statement in Penny v. Powell, supra, that the "case did not involve a conflict of laws" issue, and we also agree with the conclusion in Morton v. Maryland Casualty Company, 1 A.D.2d 116, 148 N.Y. S.2d 524, that the vesting of the right to bring the action at the moment of the accident, as held in the West case, "was the vesting of a right to bring the action in the parishes named." Whether the creating of an additional remedy to enforce an otherwise existing cause of action creates a right that has "vested," or creates something which may in one sense be classified as "substantive" is a matter of the use of words. In any event, the fact remains that neither in the West case nor in any other Louisiana case have the Louisiana courts ruled that the direct action statute creates a separate cause of action against the insurer, as distinguished from a right to invoke the authorized procedure in Louisiana to enforce the cause of action which arose by reason of the tortious act of the insured. We note in the West case the court did not overrule the numerous previous cases which had expressly held that the direct action statute did not affect substantive rights but provided only a procedure to enforce an existing cause of action. In fact, these cases were not mentioned. Also, subse-

quent to the West case in Home Insurance Co. v. Highway Insurance Underwriters, supra, the Louisiana Supreme Court, without overruling, criticising or distinguishing the West case, expressly held that the direct action statute "is purely remedial." In Vowell v. Manufacturers Casualty Insurance Company, supra, with no reference to the West case, the direct action statute was held to be "remedial enlargements and remedies of procedure." See also, Churchman v. Ingram, La.App., 56 So.2d 297, at p. 306, which was subsequent to the West case, and in which the Court of Appeal said this: "The direct action provision of the Louisiana statute eliminates an unnecessary and superfluous burden by providing that the injured party may proceed directly against the insurer. Certainly this is purely a matter involving remedy or procedure." In Futch v. Fidelity & Casualty Company, 246 La. 688, 166 So.2d 274, the Louisiana Supreme Court again held that the violation of the cooperation clause by the insured did not release the insurer from its liability, citing the West case, but it made no mention of the pronouncements in cases subsequent to the West case that the direct action statute was procedural.

Plaintiffs cite numerous cases, but rely principally, according to the statement in their brief, on two: Collins v. American Automobile Insurance Company of St. Louis, 2 Cir., 230 F.2d 416, and Oltarsh v. Aetna Insurance Company, 15 N.Y.2d 111, 256 N.Y.S.2d 577, 204 N.E.2d 622. It is interesting to note that the federal court which ruled the Collins case refused to follow the applicable New York law (see the comment as to this in Pearson v. Globe Indemnity Company, 5 Cir., 311 F.2d 517), and relied on a statement in Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59, that "The Louisiana courts have characterized the statute as creating a separate and distinct cause of action against the insurer which an injured party may elect *in lieu* of his action against the tort feasor." Cited in support of this statement, with which we disagree, is Jack-

son v. State Farm Mutual Automobile Ins. Co., 211 La. 19, 29 So.2d 177, which did not so hold, and the West case which we have previously discussed. We do not consider the Collins case to be persuasive authority that the Louisiana direct action statute is entitled to enforcement by the courts of Missouri.

The Oltarsh case construed the direct action statute of Puerto Rico and held it to be substantive and entitled to enforcement in New York. However, in doing so it distinguished the Puerto Rican statute from the Louisiana statute this way: "Unlike the Louisiana statute with which we were concerned in the Morton case * * *, the statute before us contains no built-in venue provision, no clause even remotely resembling the 'localizing' provision in the Louisiana statute, or any other language which could possibly be read as a limitation restricting to the courts of Puerto Rico the direct action it authorizes." In this manner the Oltarsh case re-affirms the result of the Morton case, and in fact supports the conclusion we have reached.

We do not rule defendant's contention that to enforce the Louisiana statute would be contrary to the public policy of this State, but by not doing so we do not discredit it. The position we have taken makes such ruling unnecessary.

■ We conclude that the direct action statute of Louisiana does not create a separate and distinct cause of action against the liability insurer which may be enforced in the courts of this State, but in accord with what we consider to constitute a proper construction of the language of the statute and the numerous pronouncements of the Louisiana courts, it provides a separate remedy available in that State alone to enforce the cause of action against the insurer which arose by reason of tortious conduct of the insured. For that reason the statute is what is termed procedural, as distinguished from substantive, and is not enforceable in the courts of this State.

The judgment is affirmed.

BARRETT, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

EAGER, P. J., FINCH and DONNELLY, JJ., and WOLFE, Special Judge, concur.