**Warnie Lee IVY, as Personal Representative of John Edward Ivy et al., Plaintiffs,**

v.

**SECURITY BARGE LINES, INC., Defendant.**

**No. GC 75–137–S.**

United States District Court, N. D. Mississippi, Greenville Division.

Nov. 7, 1980.

Joshua A. Tilton, Marvin Jeffers, Baton Rouge, La., for plaintiffs.

Robert M. Contois, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., Philip Mansour, Mansour & Kilpatrick, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

### ORMA R. SMITH, District Judge.

This action was reversed and remanded for a new trial by the Fifth Circuit Court of Appeals. *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732 (5th Cir. 1978), *affirmed*, 606 F.2d 524 (5th Cir. 1979) (en banc). In its opinion, the Fifth Circuit held that the plaintiff as the beneficiary of the decedent did not have procedural capacity to sue under the Jones Act, 46 U.S.C. § 688, and therefore, he should amend his complaint so that the claim is asserted by the proper party—the personal representative of the deceased seaman. 585 F.2d at 734–35.[1] Pursuant to this instruction from the Appellate Court, the plaintiff has filed a motion for leave to amend his complaint, which is presently before the court.

In his motion, the plaintiff seeks to amend his complaint as follows:

1. To allege that the plaintiff, Warnie Lee Ivy, is the personal representative of the decedent, John Edward Ivy;

2. To make Federal Insurance Company a party defendant;

3. To make Henry Lang Smith and Charles Kimbel Glassco, III, co-employees of the deceased John Edward Ivy, party defendants; and

4. To pray for prejudgment interest.

For the reasons to be discussed below, the court is of the opinion that the motion to amend to allege that the plaintiff is the personal representative of the deceased and to pray for prejudgment interest is well taken and should be granted. However, the motion to amend to make Federal Insurance Company, Henry Lang Smith, and Charles Kimbel Glassco, III, party defendants, is not well taken and should be denied.

*Personal Representative of the Deceased.*

■ The Fifth Circuit Court of Appeals in its panel opinion in this case held that under the Jones Act, 46 U.S.C. § 688, the personal representative of the deceased seaman and not his beneficiaries, is the only party who may bring an action for his death.[2] *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 734 (5th Cir. 1978). Since the plaintiff in this cause had not been appointed the personal representative of the deceased, the Fifth Circuit held:

> The trial judge, therefore, erred in deciding the plaintiff had procedural capacity to bring this action .... Because we are remanding for a new trial on the basis of the other errors in the original proceedings, the complaint may there be amended so that the claim is asserted by the proper party; if this is not promptly done, the trial court should dismiss the action.

*Id.* at 735.

Pursuant to this instruction from the Appellate Court, the plaintiff filed this motion to amend his complaint to allege his procedural capacity to sue as the personal representative of the deceased. It appears to the court that the plaintiff has been properly appointed as the guardian of the deceased's estate pursuant to Miss.Code Ann. § 93–13–161(1), and that letters of guardianship have been issued to the plaintiff by the Chancery Court of Washington County, Mississippi. Therefore, the plaintiff's motion to amend the complaint to allege procedural capacity to sue in this cause is well taken and should be granted.

---

1. The Fifth Circuit sitting en banc considered only the issue of "whether damages for loss of society may be recovered by the survivor of a Jones Act seaman who met death in territorial waters of the United States as a result of negligence for which his employer was liable". 606 F.2d at 524–25. The original panel opinion was specifically reinstated as to all other issues, including plaintiff's procedural capacity to sue. *Id.* at 529.

2. As previously discussed, this portion of the panel opinion was reinstated by the Fifth Circuit sitting en banc. See fn. 1, *supra*.

### Application of the Louisiana Direct Action Statute.

The plaintiff also seeks to amend his complaint to add Federal Insurance Company as a party-defendant pursuant to the Louisiana Direct Action Statute, and to allege that it was the insuror of the M/V Issaquena and her tow on the date of John Edward Ivy's death.[3] In support of this portion of his motion, the plaintiff contends that since this case was transferred to the Northern District of Mississippi from the Middle District of Louisiana, and since a United States District Court sitting in Louisiana would apply the Louisiana Direct Action Statute to admiralty or Jones Act cases, *Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806 (1954); *Loveless v. Employer's Liability Assurance Corp.*, 218 F.2d 714 (5th Cir. 1955); this court should also apply this statute and allow the complaint to be amended to add Federal Insurance Company as a party defendant. The defendant, on the other hand, contends that since the Mississippi State Courts will not recognize or apply the Louisiana Direct Action Statute to cases in Mississippi, even when the transactions or occurrences giving rise to the cause of action occurred in Louisiana, *Cook v. State Farm Mutual Ins. Co.*, 241 Miss. 371, 128 So.2d 363 (1961), the United States District Court sitting in Mississippi must apply that same rule. *Pearson v. Globe Indemnity*, 311 F.2d 517 (5th Cir. 1962).

In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the United States Supreme Court held that when a case is transferred to a more convenient forum pursuant to 28 U.S.C. § 1404(a), the transferee court should continue to apply the law of the transferor court, that is, a change of venue under Section 1404(a) is merely a change of courtrooms, and not a change of the applicable state law. In *Loughan v. Firestone Tire & Rubber Co.*, 624 F.2d 726 (5th Cir. 1980), the issue was whether the plaintiff's action, which had been transferred to the Southern District of Florida from the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a), was barred by the Florida statute of limitations. The Fifth Circuit in holding that the transferee court (Florida) must apply the law of the transferor court (Ohio) quoted from *Van Dusen v. Barrack*:

> . . . that in cases such as the present, *where the defendants seek transfer*, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under Sec. 1404(a) generally should be, with respect to state law, but a change of courtrooms. 376 U.S. at 639, 84 S.Ct. at 821 (emphasis added).

*Id.* at 728.

The instant case was transferred to the Northern District of Mississippi from the Middle District of Louisiana pursuant to Section 1404(a). Therefore, since a United States District Court sitting in Louisiana would apply the Louisiana Direct Action Statute to admiralty and Jones Act cases, *Maryland Casualty Co. v. Cushing, supra; Loveless v. Employers' Liability Assurance Corp., supra;* this court could properly allow plaintiff to amend his complaint to make Federal Insurance Company a party defendant.

However, amendments to pleadings are governed by Rule 15, Fed.R.Civ.P., which provides that the court shall freely permit amendment when "justice so requires." This case was transferred to the Northern District of Mississippi from the Middle District of Louisiana in 1975. After a full trial on the merits, defendant appealed the final judgment to the Fifth Circuit Court of Appeals. The Appellate Court rendered a panel opinion on December 4, 1978. An en banc opinion was then rendered by the Fifth Circuit on November 13, 1979, revers-

---

**3.** Although the Fifth Circuit only required the plaintiff to amend to allege proper procedural capacity to sue, the other amendments proposed by the plaintiff are not inconsistent with the Fifth Circuit opinions in the case, and therefore, may be allowed within the discretion of the trial court. *Jones v. St. Paul Fire & Marine Insurance Co.*, 108 F.2d 123 (5th Cir. 1939).

ing and remanding the action to this court for a new trial.

█ If plaintiff's proposed amendment to make Federal Insurance Company a defendant were granted, it would result in the further delay of this already protracted litigation. Furthermore, the denial of this particular portion of plaintiff's motion to amend will not prejudice the plaintiff. If Federal Insurance Company was the insuror of the M/V Issaquena on the occasion in question, as plaintiff alleges in his motion to amend, then it will be responsible for the payment of any damages assessed against its insured within the scope of the policy coverage, regardless of whether it is a named defendant.

For these reasons, the court is of the opinion that justice requires that plaintiff's motion to add Federal Insurance Company as a party defendant be denied.

### Action Against Co-Employees.

█ In his motion to amend, the plaintiff seeks to add as party-defendants Henry Lang Smith and Charles Kimbel Glassco, III, co-employees on the M/V Issaquena with the Decedent, John Edward Ivy. The plaintiff also seeks to amend his complaint to allege that the negligence of these two co-employees was the proximate cause of the decedent's death, and that, therefore, the plaintiff should have recovery from them.

At the first trial of this case, the jury concluded that the negligence of the decedent's employer was a proximate cause of his death. Therefore, the plaintiff was entitled to recover damages from the employer under the Jones Act, 46 U.S.C. § 688.[4] The sole issue to be considered on the retrial of this case is the proper amount of damages to be recovered from the employer.

The plaintiff, in attempting to add the co-employees as party defendants in this cause, recognizes that there is no authority for this amendment. However, he reasons that since the Jones Act does not specifically exclude co-employees from liability, or specifically provide that the remedy against the employer is the sole and exclusive remedy, then the plaintiff should be able to maintain an action against the decedent's co-employees for that decedent's wrongful death.

The plaintiff is correct in asserting that there is no authority for this particular proposed amendment. In addition, there is considerable authority against such an amendment. It is generally recognized that the Jones Act gives a seaman a right of action only against his employer, *see, e. g., Petition of United States*, 367 F.2d 505 (3rd Cir.), *cert. denied sub nom., Black v. United States*, 386 U.S. 932, 87 S.Ct. 953, 17 L.Ed.2d 805 (1966); *Allen v. United States*, 338 F.2d 160 (9th Cir.), *cert. denied*, 380 U.S. 961, 85 S.Ct. 1104, 14 L.Ed.2d 152 (1964); *Hartsfield v. Seafarers International Union, Atlantic Gulf Lakes and Inland Waters District, AFL–CIO*, 427 F.Supp. 264 (S.D.Ala.1977); *Stallworth v. McFarland*, 350 F.Supp. 920 (W.D.La.1972). In *Roth v. Cox*, 210 F.2d 76 (5th Cir. 1954), the Fifth Circuit stated:

> The Jones Act, 46 USCA § 688 provides that a seaman suffering injury "in the course of his employment may, at his election, maintain an action for damages at law, ... and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law ... and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable." This section is specifically drawn to give rights to employees against employers and against

---

4. The plaintiff's original complaint also included a claim under General Maritime Law for unseaworthiness. However, the jury found for the defendant on this issue, holding that the vessel was seaworthy. 585 F.2d at 734 n.1.

no others. It refers to injuries sustained in the course of "his" (seaman's) employment. It says that "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." Title 45, USCA § 51 also refers to actions between employer and employee. Thus, there is nothing in the Jones Act which grants to seaman a right to bring an action against anyone except his employer . . . .

*Id.* at 78.

In *West v. Marine Resources Commission*, 330 F.Supp. 966 (E.D.Va.1970), the plaintiff employee sought to recover damages for his personal injuries from his co-employees. In granting the defendant co-employees' motions to dismiss, the court stated:

> Before discussing these defenses, it is apparent that West's claim against the individual defendants must be dismissed. These claims may be maintained only against an employer or the owner of the vessel on which an alleged injury occurrs. West has not stated a cause of action against the individual defendants or against the M/V PAGAN and the M/V GLAMOUR GIRL. The Jones Act gives a seaman a cause of action against his employer for an injury caused by the employer's negligence; however, none of the individual defendants was West's employer. For the same reason, none of the individuals owed any duty to furnish West with a seaworthy vessel or to provide him with maintenance and cure and cure. The individual defendants, like West, were merely employees of the Commission. Under these circumstances, West's claim against the individual defendants must be dismissed.

*Id.* at 968.

In summary, the plaintiff is correct when he states in his memorandum in support of his motion to amend that there is no authority for the proposition that an employee may sue a co-employee under the Jones Act. Not only is there no authority for that proposition, there is considerable authority to the effect that such a cause of action may not be maintained. For this reason, the plaintiff's motion to amend his complaint to add the decedent's co-employees, Henry Lang Smith and Charles Kimbel Glassco, III, as party defendants, is not well taken and should be denied.

### Prejudgment Interest.

The plaintiff also seeks to amend his complaint to add a prayer for prejudgment interest. In admiralty cases, the awarding of prejudgment interest is the rule rather than the exception, and in the absence of exceptional or peculiar circumstances, it will be allowed. *Socony Mobil Oil, Inc. v. Texas Coastal and International, Inc.*, 559 F.2d 1008 (5th Cir. 1977); *In re the Complaint of M/V Vulcan*, 553 F.2d 489 (5th Cir.), *cert. denied sub nom. Sabine Towing & Transportation Co., Inc. v. Zapata Ugland Drilling, Inc.*, 434 U.S. 855, 98 S.Ct. 175, 54 L.Ed.2d 127 (1977). Of course, it is not yet time to determine whether the plaintiff is entitled to prejudgment interest, but his motion to amend the complaint to make such a prayer for relief is well taken and should be granted.

An appropriate order will be entered.