**Billy BOLLS, Margaret Bolls, Plaintiffs,**

v.

**MIDDENDORF'S, INC. and A, B, C Insurance Company, Defendants.**

**Civ. A. No. W89–0063(B).**

United States District Court, S.D. Mississippi, W.D.

Feb. 14, 1990.

**1584**

Paul Snow and W. Joseph Kerley, Jackson, Miss., for plaintiffs.

Robert P. Thompson, Jackson, Miss., for defendants.

## ORDER

BARBOUR, Chief Judge.

This cause is before the Court pursuant to the Order of the Court entered December 21, 1989, in which the Court imposed sanctions on the Plaintiff's attorney W. Joseph Kerley pursuant to Rule 11 of the Federal Rules of Civil Procedure. Sanctions were imposed on Mr. Kerley because he signed a pleading in this cause attempting to add Employers National Insurance Company ("Employers"), the Defendant Middendorf's liability carrier, as a party defendant pursuant to the Louisiana direct action statute, LSA–R.S. 22:655.

The law of Mississippi clearly forbids direct actions against insurance companies, and the Mississippi Supreme Court has repeatedly rejected application of the Louisiana statute to cases filed in this state. *See, e.g., Pearson v. Globe Indemnity Co.,* 311 F.2d 517 (5th Cir.1962); *Westmoreland v. Raper,* 511 So.2d 884 (Miss.1987); *Goodin v. Gulf Coast Oil Co.,* 241 Miss. 862, 133 So.2d 623 (1961); *Cook v. State Farm Mutual Ins. Co.,* 241 Miss. 371, 128 So.2d 363 (1961); *McArthur v. Maryland Casualty Co.,* 184 Miss. 663, 186 So. 305 (1939). In imposing sanctions, the Court found that the attempt to add Employers was neither warranted by existing law nor by a good faith argument for an extension, modification, or reversal of that law. In order to consider whether an award of attorneys' fees and costs would be the appropriate Rule 11 sanction to be imposed, the Court directed the Defendant's attorneys to submit an itemization of their fees and expenses incurred in opposing the Motion of the Plaintiffs to Amend. The Defendant's attorneys have submitted an itemization and affidavits which show a total of 9.62 hours expended in opposing the Motion to Amend at the rate of $80.00 per hour. Mr. Kerley has responded to the itemization. The Court, having considered the itemization and response, finds that a lesser sanction would not serve the deterrent factor needed and that the most appropriate sanction would be an award of attorneys' fees and costs. The Court notes that in his response, Mr. Kerley argues that in filing his Motion to Amend he was attempting to change Mississippi law. At a minimum, this fact should have been noted with his Motion to Amend since the Mississippi precedent is clear. But, even then, the Court probably would have held that the attempt lacked good faith. The place to change such strong precedent is in the Mississippi Supreme Court, not here.

The Court finds that the hours and rate submitted by the Defendant's attorneys are fair and reasonable in all respects. The Court will accordingly assess as a Rule 11 sanction against W. Joseph Kerley the amount of $769.60.

IT IS THEREFORE ORDERED that the attorney for the Plaintiff, W. Joseph Kerley pay to the Defendant Middendorf's the sum of $769.60.

SO ORDERED.