511 So.2d 884 (1987)
Charles L. WESTMORELAND
v.
Lewana D. RAPER and Commercial Union Insurance Companies.
No. 56913.
Supreme Court of Mississippi.
June 3, 1987.
Rehearing Denied September 16, 1987.
Jim Waide, Estes & Waide, Tupelo, for appellant.
Thomas A. Wicker, Holland, Ray & Upchurch, Tupelo, for appellees.
Before ROY NOBLE LEE, P.J., and SULLIVAN and GRIFFIN, JJ.
SULLIVAN, Justice, for the Court:
The Circuit Court of Lee County, Judge Thomas Gardner presiding, entered pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, a final judgment of dismissal in favor of Commercial Union Insurance Companies. That court then stayed any further proceedings in this cause pending Westmoreland's appeal of the dismissal, wherein Westmoreland alleges:

I. Under the Mississippi Rules of Civil Procedure, a liability insurance company may be joined as a defendant with its insured.
The most persuasive theories argued by Westmoreland are (1) adoption of the Mississippi Rules of Civil Procedure ended the prohibition against direct actions by third parties on insurance policies and the prohibition against the mention of liability insurance in trials; and (2) a third party may maintain a direct action against an insurance company on a theory of contract as the "third party beneficiary" to the agreement between the insured and his insurer.
We have on numerous occasions had the opportunity to provide for the joinder of the defendant and insurer in a direct action and we have steadfastly refused to do so. That refusal continues.
The basis of Westmoreland's argument lies in the general language of Rule 1, Rule 20 and Rule 57 of the Mississippi Rules of Civil Procedure, and specifically Westmoreland relies on Rule 18(b) which provides:
Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to conclusion, the two claims may be joined in a single action.
The official comment thereto states:
Rule 18(b) permits a party to join two claims even though if they were asserted independently it would be necessary to prosecute one of them successfully before proceeding to the adjudication of the other .. . The basic purpose of the rule is to reinforce the notion that a party should be entitled to obtain in a single action all the relief to which he is entitled.
*885 Thus, Westmoreland says that the intent of the Rules of Civil Procedure is to terminate the old pleading rules, under which an injured party first had to sue the tort-feasor and then had to bring a separate action against the insurance company. Westmoreland argues that only by permitting joinder of the insured and insurer in a single action, can the plaintiff, obtain "all the relief to which he is entitled." Otherwise, there must first be a suit against Raper, to determine her negligence; then, there must a suit against Commercial Union to determine the coverage of its policy.
This argument is facially persuasive and not without its attractiveness but it is nonetheless without merit under the decisions of this Court.
In Smith v. City of West Point, 475 So.2d 816, 819 (Miss. 1985), this Court felt "obliged (though not obligated)" to follow the last sentence of Mississippi Code Annotated, § 21-15-6 (1972), which prohibits "mention of insurance" in suits brought against municipalities. However, this Court observed that the question of whether a liability carrier may be joined as a defendant with its insured has not been decided under the Mississippi Rules of Civil Procedure. In so doing this Court said:
"Our traditional rule is that a liability insurer may not be sued directly, Cook v. State Farm Mut. Ins. Co., 241 Miss. 371, 128 So.2d 363 (1961), and the fact that the defendant is insured may not even be mentioned. Herrin v. Daly, 80 Miss. 340, 31 So. 790 (1902). To be sure, we confront here a procedural question and the potential for undoing our traditional rule and other contexts may be found within the Mississippi Rules of Civil Procedure." (Emphasis added).
Id.
This seemed to leave open the question of whether a liability insurer may be sued directly, however, in this Court's very recent decision of Clark v. City of Pascagoula, 507 So.2d 70 (Miss. 1987), this Court addressed this precise issue. In Clark Allstate and Home Insurance Companies were named as original defendants, along with the defendant, in a lawsuit. Both were dismissed by the lower court, on grounds that there was no statutory right of direct action against an insurer in this State. The appellant argued that the ruling of the trial court was in error, citing Rule 18 of the Mississippi Rules of Civil Procedure, and its provision for liberal joinder of parties. This Court in Clark found no merit to this precise assignment of error holding that "the rule in this State is that there is no right of direct action against an insurer. Smith v. City of West Point, supra."
Further, Mississippi law has long held that direct actions by third parties on insurance policies are prohibited absent specific statutory authority. McNeal v. Administrator of the Estate of McNeal, 254 So.2d 521 (Miss. 1971); Cook v. State Farm Mut. Ins. Co., 241 Miss. 371, 128 So.2d 363 (1961); and McArthur v. Maryland Casualty, 184 Miss. 663, 186 So. 305 (1939). See also, 46 C.J.S., Insurance, § 1191. These cases rest upon our fundamental law that where no action exists at common law, a statute must create one. Where there is no privity of contract, a suit for breach of contract cannot be maintained.
Westmoreland also argues that a claim may be asserted on the basis that he is a third party beneficiary to the insurance agreement existing between a Mr. Dickerson (who is not a party) and the appellee Commercial. This argument is much less convincing than the argument set forth above and lacks merit in this State.
Westmoreland cites Bussey v. Shingleton, 211 So.2d 593 (Fla.App. 1968), in support of his contention that a third party beneficiary action should lie. As the appellee points out, it should be noted however, that the individual defendant in this case is herself a third party to the insurance agreement between the appellee and its non-party insured. Thus, the application of the Florida case is misplaced. Moreover, the majority of states have held contrary to the Bussey decision. The majority rule is that generally "absent some special statute, no direct action can be maintained by a third party on an insurance policy." 44 Am.Jur.2d, Insurance, § 1445 and 46 C.J.S., Insurance, § 1191. The benefit to a third party contemplated by insurance policies is contingent upon a judgment being awarded for which the insurance company *886 may or may not be liable under the terms of the agreement. Maness v. Alabama Farm Bureau Mutual Ins. Co., 416 So.2d 979 (Al. 1982). Furthermore, the insurance agreement itself must provide for the basis upon which a third party claim would rest. The right to the action on the contract must spring from the terms of the contract itself. Burns v. Washington Savings, 251 Miss. 789, 171 So.2d 322 (1965).
Both of Westmoreland's theories of recovery run headlong into deeply entrenched and well established laws of this State, and therefore, especially in light of the Clark decision handed down last month, this assignment of error is without merit.
Therefore, we find that the final judgment of dismissal as to Commercial Union Insurance Companies under Rule 54(b) should be and it is hereby affirmed. The case is remanded to the Circuit Court of Lee County, Mississippi, for further proceedings in due course.
AFFIRMED IN PART; REMANDED TO THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI, FOR FURTHER PROCEEDINGS.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.