568 So.2d 253 (1990)
Tracy HUNT
v.
PREFERRED RISK MUTUAL INSURANCE COMPANY, and Michelle Rinks, a Minor, and Curtis E. Rinks and Jo Ann Rinks, Individually and as Parents of Michelle Rinks.
No. 07-CA-58688.
Supreme Court of Mississippi.
March 14, 1990.
Rehearing Denied October 17, 1990.
Margaret P. Ellis, McRae & Ellis, Pascagoula, Cathy Jacobs, Biloxi, for appellant.
Raymond L. Brown, Brown & Associates, Patrick R. Buchanan, Brown & Associates, Pascagoula, for appellee.
Before HAWKINS, P.J., and SULLIVAN and BLASS, JJ.
BLASS, Justice, for the court:

I.
This appeal arises out of an auto/motorcycle accident which occurred on September 15, 1984. An automobile driven by Michelle Rinks, hit and severely injured, plaintiff/appellant, Tracy Hunt. Hunt filed an action in Circuit Court of Jackson County against Michelle Rinks, a minor, and her parents, and Preferred Risk Mutual Insurance Company, the Rinks' insurer. Following Preferred Risk's motion to dismiss, the trial court released the insurer from the trial on the liability, but withheld a ruling declaring the rights of the parties with respect to satisfaction of any judgment. The jury returned a verdict in favor of Hunt in the amount of $550,000.00. Thereafter a hearing was held on the Rinks' motion for j.n.o.v. and on the issue of the extent of insurance coverage. The Circuit Court denied the Rinks' motion for j.n.o.v. and found that the separate liability policies insuring the defendants' four vehicles *254 could not be stacked to afford additional coverage.
The Rinks filed a Notice of Appeal from the Hunt judgment on April 28, 1987. Preferred Risk tendered the policy limit of $10,000 to the court, on April 30, 1987. The Circuit Court, in its final judgment relating to insurance, dated May 21, 1987, ruled that only the policy with limits of $10,000 covered this liability and that there could be no stacking or aggregating of the other three policies covering defendants' other vehicles; and, the $10,000 having been paid into court, dismissed Preferred Risk.
Tracy Hunt filed a notice of appeal of the dismissal of Preferred Risk on June 8, 1987. The Rinks, represented by counsel provided by Preferred Risk, filed a motion to docket and dismiss their appeal from the judgment in favor of Hunt on July 13, 1987. Hunt, the successful plaintiff, hoping to recover from the Rinks' liability carrier, contends that the carrier is indebted to the Rinks, the original defendants, and to her, the plaintiff, for the full amount of the judgment. Hunt's appeal, from the judgment dismissing Preferred Risk, raises the following issues:
WHETHER COUNSEL FOR THE INSURED (THE DEFENDANTS) HAD A CONFLICT OF INTEREST WHICH SEVERELY PREJUDICED THE RIGHTS OF THE PLAINTIFF AND THE INSURED SO AS TO REQUIRE THE INSURANCE COMPANY TO PAY THE ENTIRE JUDGMENT.
WHETHER THE TRIAL COURT ERRED IN RULING AS A MATTER OF LAW THAT THE POLICIES ON OTHER AUTOMOBILES OWNED BY THE RINKS WERE INAPPLICABLE TO THIS ACTION.
We affirm the Circuit Court, finding that Tracy Hunt does not have standing to raise the substantive issues of this appeal. We are not in a position to adjudicate the rights of the Rinks vis a vis Preferred Risk, as this matter is not before us.

II.
Appellant/plaintiff, Tracy Hunt contends that due to a conflict of interest by the attorney who represented both the Rinks and Preferred Risk, the defendants were prevented from effectively arguing that either: insurer is estopped from denying that the independent agent bound the company to a $100,000/300,000 policy on the vehicle involved; or that the four policies in effect on the Rinks' automobiles should be stacked. The argument is that this resulted in prejudice to Rinks, and secondarily to Hunt. Therefore, Hunt says, Preferred Risk should be liable, not only for the $100,000/300,000 single policy limit, but also for the entire $550,000 judgment amount.
Hunt argues that the Rinks were induced by the insurer to allow the insurer's attorney to represent them in the declaratory judgment hearing; that the attorney for Preferred Risk, represented both parties, whose interests were in opposition to each other; that the conflict prejudiced the Rinks; and that because the insurance company created the conflict, it is liable for the prejudice suffered by its insured. The remedy prayed for is that the insurer be required to pay the entire judgment of $550,000.
Hunt says that Curtis Rinks had been purchasing insurance through the same agency since 1977; that the agency was sold in 1983, at which time Rinks had a policy in effect on a 1981 Ford truck with limits of $100,000/300,000; that between 1983 and 1984, Rinks acquired and/or traded several vehicles, each of which was insured under a separate policy, through the same agency. Rinks testified that the usual procedure, when substituting a vehicle was that he would telephone the agent, who would bind coverage immediately, and subsequently mail a policy to Curtis Rinks. Rinks testified that he thought that all of his vehicles were covered in the amount of $100,000/300,000. At the time of the accident Rinks had four separate policies: a $100,000/300,000 policy on a 1973 Ford truck; a $10,000/20,000 policy on a 1982 Ford truck; a $25,000/50,000 *255 policy on a 1978 Buick; and a $10,000/20,000 policy on the 1978 Chevrolet involved in the accident.
The 1978 Chevrolet was purchased on August 2, 1984. Rinks called the agency and applied for the insurance in the usual way. The policy was issued on August 15, 1984 and mailed to Rinks, but he did not receive the policy until the day before the September fifteenth accident; and did not read it prior to the accident. Hunt cites Mississippi Farm Bureau Mutual Insurance Co. v. Todd, 492 So.2d 919 (Miss. 1986) for the proposition that a general agent can bind an insurer. It is Hunt's position that the facts stated above are sufficient to establish that the agent bound Preferred Risk to a policy with limits of $100,000/300,000.
Hunt neither contends nor provides evidence that any right of action by the Rinks against Preferred Risk was acquired by her, by assignment or levy[1].
In Westmoreland v. Raper, 511 So.2d 884 (Miss. 1987), plaintiff brought an action against the tort-feasor and the insurer claiming that adoption of the Mississippi Rules of Civil Procedure ended the prohibition against direct actions by third parties on insurance policies. Rejecting this argument, the Westmoreland court cited Clark v. City of Pascagoula, 507 So.2d 70 (Miss. 1987) which held that "the rule in this State is that there is no right of direct action against an insurer. Smith v. City of West Point, [475 So.2d 816 (Miss. 1985)], supra.". 511 So.2d at 885. The court stated further, "... where no action exists at common law, a statute must create one. Where there is no privity of contract, a suit for breach of contract cannot be maintained." Id.
Westmoreland is controlling in this case. We find that Hunt does not have standing to raise the issues of promissory estoppel, waiver, policy ambiguity and prejudice suffered by the Rinks, due to any alleged conflict of interests. See also Crawford Commercial Constructors, Inc. v. Marine Industrial Residential Insulation, Inc., 437 So.2d 15, 16 (Miss. 1983) (Plaintiff must have a present, existing cause of action when suit is instituted.); Secretary v. J.H. Munson Co., 467 U.S. 947, 955, 104 S.Ct. 2839, 2846, 81 L.Ed.2d 786, 794 (1984) (A plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.)
JUDGMENT OF DISMISSAL AS TO PREFERRED RISK MUTUAL INSURANCE COMPANY IS AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] It is possible for a judgment creditor to obtain judgment against the insured and levy execution on insured's causes of action against the insurer and purchase them at a sheriff's sale. In that case, the injured party steps into the shoes of the insured and can sue the insurer on such causes of action. 12A Couch on Insurance § 45:790 p. 447.