James L. JORDAN, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant.

Civ. A. No. J89–0508(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 15, 1991.

Affirmed, 946 F.2d 1084.

Crymes G. Pittman, Jackson, David E. Crawley, Jr., Kosciusko, for plaintiff.

F.M. Turner, III, David Ott, Michael K. Randolph, Bryan, Nelson, Randolph, Land & Weathers, Hattiesburg, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant State Farm Mutual Automobile Insurance Company (State Farm) styled "motion to dismiss for failure to state a claim to be treated as a motion for summary judgment." Plaintiff James L. Jordan has responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties. The court concludes that the defendant's motion is well taken and should be granted.

On March 5, 1985, two State Farm insureds, Robert Hood and James L. Jordan, the plaintiff in the instant action, were involved in an automobile accident. The wreck occurred when Jordan was making a left turn and was struck by the vehicle operated by Hood. Following the accident, Jordan made a claim against State Farm under his policy for medical payments benefits and property damage. State Farm paid the medical bills submitted by Jordan and paid his claim for property damage to

the vehicle he was driving at the time of the accident. Jordan thereafter filed suit against Hood in the Circuit Court of the First Judicial District of Hinds County on February 20, 1986 seeking recovery against Hood based on allegations that the accident was caused by Hood's negligence in driving under the influence, at an excessive rate of speed and with his lights off. Before obtaining service of process on Hood, Jordan's attorney wrote to State Farm on August 28, 1986 offering to settle Jordan's claim against Hood for $30,000. State Farm did not respond to the settlement offer.

After plaintiffs finally obtained process against Hood on April 28, 1987,[1] but before he answered the complaint, Hood died. On July 20, 1987, Steen, Reynolds, Dalehite & Currie, the law firm retained by State Farm to defend Hood in the action by Jordan, filed an answer to Jordan's complaint on behalf of Hood denying all liability for the accident and charging that the sole proximate cause of the accident was Jordan's negligence. On May 13, 1988, within a matter of days before the case was scheduled for trial, Hood's attorney filed in the state court suit an admission of liability on Hood's behalf which recited, *inter alia,* that at the time of the accident, Hood was driving with his headlights off, was driving at an excessive rate of speed, and was intoxicated, and ultimately, that Hood's negligence was the sole proximate cause of the accident. On the same day as the admission of liability was filed, State Farm, for the first time, offered a settlement to Jordan on behalf of Hood. The settlement offer of $15,000 was rejected by Jordan and the case proceeded to trial solely on the issue of damages. The trial resulted in a jury award in favor of Jordan in the amount of $33,000, which was satisfied by State Farm.

On July 31, 1989, Jordan brought the present action against State Farm alleging that State Farm was negligent in its investigation of the accident in question and that it willfully and wrongfully denied his claim for personal injuries under Hood's policy up and through May 13, 1988 (the date Hood's counsel filed the admission of liability) without legitimate or arguable reason which caused him to incur the expense of a trial, including additional attorney's fees, and caused him to endure mental anguish and the anxiety of trial.[2] He claims specifically that State Farm failed to properly investigate the accident since it did not obtain copies of police and city court records which indicated that Hood was driving under the influence when the accident occurred and that Hood was charged with stealing gasoline immediately prior to the accident, which facts, according to plaintiff, substantiated his claim that Hood was driving with his lights off at the time of the accident and was thus the cause of the accident. Though somewhat difficult to characterize due to its unusual nature, Jordan's claim is, in essence, that had State Farm conducted an adequate investigation, it would have realized that Hood, not Jordan, was at fault in the accident and would therefore have promptly paid Jordan's claim against Hood under Hood's liability policy and thereby obviated the need for a trial. Jordan's claim is insufficient as a matter of law as it fails to state a claim under Mississippi law.

Plaintiff's claim, regardless of how he chooses to characterize it, is that State Farm owed him a duty as its insured to properly investigate the accident, which duty it breached, resulting in State Farm's denial of Jordan's claim for recovery under Hood's liability policy. Such an action is clearly not permitted under Mississippi law. First, any duty that State Farm may have owed Jordan, as its insured, to conduct an adequate investigation of the accident must

1. Plaintiff informs the court that process against Hood was difficult to obtain because he changed residences a number of times and was therefore hard to locate.

2. Jordan alleged in his complaint the following:

Defendant owed Plaintiff, as its insured, a duty to properly investigate the accident in question. Defendant was negligent in its investigation and as a result of said negligence wrongfully and without arguable reason denied Plaintiff's claim through and until May 13, 1988.

necessarily derive from plaintiff's own policy with State Farm. Since Jordan acknowledges that the claims he made under his policy were paid by State Farm without delay, any failure by State Farm to adequately investigate the circumstances of the accident did not result in a failure to pay benefits under plaintiff's policy. To the extent that Jordan complains of State Farm's refusal to pay benefits under Hood's liability policy, the action is properly considered a direct action against State Farm which is not attainable under Mississippi law.

The Mississippi Supreme Court has repeatedly refused to permit direct actions against a tortfeasor's liability carrier:

> Mississippi law has long held that direct actions by third parties on insurance policies are prohibited absent specific statutory authority. *McNeal v. Administrator of the Estate of McNeal,* 254 So.2d 521 (Miss.1971); *Cook v. State Farm Mutual Automobile Insurance Company,* 241 Miss. 371, 128 So.2d 363 (1961); and *McArthur v. Maryland Casualty,* 184 Miss. 663, 186 So. 305 (1939). See also, 46 C.J.S., Insurance § 1191. These cases rest upon our fundamental law that where no action exists at common law, a statute cannot create one. Where there is no privity of contract, a suit for breach of contract cannot be maintained.

*Westmoreland v. Raper,* 511 So.2d 884, 885 (Miss.1987). This case is no less a direct action simply because it purports to be one for damages for delay in failing to timely acknowledge liability and pay benefits rather than one for the recovery of benefits under the policy. Plaintiff's complaint, irrespective of its form, is in substance that State Farm unreasonably refused to admit Hood's negligence and pay benefits to plaintiff under Hood's policy and instead forced Jordan to suffer through a trial.

Plaintiff cites *Southern Farm Bureau v. Holland,* 469 So.2d 55 (Miss.1984), as precedent for a direct action by an injured party against the insurer of a third party for the insurer's own intentional wrongdoing in failing to carry out the provisions of its insurance contract with the third party. In the court's view, plaintiff reads *Holland* much too broadly. The *Holland* case, in which the Mississippi Supreme Court permitted an injured employee to proceed against his employer's workers' compensation carrier for the carrier's intentional conduct in refusing to pay the employee's claim for weekly compensation and medical benefits, is clearly limited to claims by employees against workers' compensation carriers. The court's conclusion that *Holland* provides no support for plaintiff's position is demonstrated inferentially by the fact that the Mississippi court in *Westmoreland,* decided some three years after *Holland,* noted that despite having had on numerous occasions the opportunity to do so, that court had "steadfastly refused" and would continue to refuse to permit a direct action against a liability insurer. *Westmoreland,* 511 So.2d at 884.

In further support of his argument that he has stated a viable claim, plaintiff relies on *Thompson v. Commercial Union Insurance Company of New York,* 250 So.2d 259 (Fla.1971), in which the Florida Supreme Court held, relying in large part on a prior Florida decision, *Bussey v. Shingleton,* 211 So.2d 593 (Fla.App.1968), that "a judgment creditor may maintain suit directly against tortfeasor's liability insurer for recovery of the judgment in excess of the policy limits, based upon the alleged fraud or bad faith of the insurer in the conduct or handling of the suit." 250 So.2d at 264. Plaintiff's reliance on *Thompson* is decidedly misplaced for a number of reasons, the first and foremost being the fact that the Mississippi Supreme Court in *Westmoreland* specifically rejected the argument that a claim could be asserted by an injured party against another's liability insurer on the basis of a third-party beneficiary theory and in so doing, denounced the Florida court's *Bussey* decision as a minority view which was not the law of this state:

> The majority of states have held contrary to the *Bussey* decision. The majority rule is that generally, "absent some special statute, no direct action can be maintained by a third party on an insurance policy." 44 Am.Jur.2d, *Insurance,*

§ 1445 and 46 C.J.S., *Insurance,* § 1191. The benefit to a third party contemplated by insurance policies is contingent upon a judgment being awarded for which the insurance company may or may not be liable under the terms of the agreement. *Maness v. Alabama Farm Bureau Mutual Ins. Co.,* 416 So.2d 979 (Ala.1982).[3] *Westmoreland,* 511 So.2d at 885. The court went on to say that the third-party beneficiary theory of recovery "run[s] headlong into deeply entrenched and well established laws of this state." *Id.* at 886. Thus, as the court in *Westmoreland* recognized, Florida law, unlike Mississippi law, permits a direct action against a tortfeasor's insurer under a third-party beneficiary theory.[4] Jordan's reliance on Florida law as supportive of his claim is therefore wholly unfounded and inappropriate.

Furthermore, even under the third-party beneficiary theory embraced by the Florida courts, the injured third-party may sue to enforce the contract between the tortfeasor and his insurer and as such, stands in the shoes of the insured in enforcing the insurer's contractual obligations. In *Thompson,* for example, the victim alleged that the insurer had breached its duty to its insured under the liability policy by its bad faith failure to settle within policy limits which thereby exposed its insured to greater liability. The court's analysis began with the premise that the insured could herself have sued in that circumstance "to recover damages against her insurer for an excess judgment on the basis of fraud or bad faith in the conduct of the insured's defense," *id.* at 260, and that a third party, for whose benefit the insurance contract was made, could sue to enforce the insurer's contractual obligation to its insured, *id.* at 261. Thus, even under a third-party beneficiary theory, "the insurance agreement itself must provide for the basis upon which a third party claim would rest. The right to the action must spring from the terms of the contract itself." *Westmoreland,* 511 So.2d at 886 (citing *Burns v. Washington Savings,* 251 Miss. 789, 171 So.2d 322 (1965)). In the case sub judice, there is no allegation that State Farm breached any contractual obligation to Hood which resulted in damage to Jordan and Jordan does not purport to allege that State Farm breached any of the terms of Hood's contract. Instead, as previously explained, Jordan's contention in this lawsuit is that State Farm breached a duty to him arising under his own insurance policy which resulted in State Farm's failure to pay under Hood's policy.

■ Plaintiff suggests that the *Westmoreland* proscription against direct actions should not apply here because this case presents the "unique" circumstance that State Farm was not only the liability insurer for the tortfeasor, Hood, but was Jordan's insurer as well. The court is not persuaded by this argument. That Jordan was also an insured of State Farm does not alter the court's conclusion that the present effort to recover against State Farm for its denial of benefits to Jordan under Hood's policy is an impermissible direct action. As the court explained in *Westmoreland,* the prohibition against direct actions in Mississippi stems from the principle that privity of contract is a prerequisite to a suit for breach of the contract. What must be borne in mind here is that there were two separate contracts, one to which Jordan was a party and one to which he was not. Jordan does not allege that State Farm wrongfully failed or refused to pay any sums owed to him under the policy covering the vehicle which Jordan was operating at the time of the accident and under which he was an insured, nor could he for it is

---

**3.** In the case at bar, a judgment was awarded for which State Farm was liable under the terms of the Hood liability insurance policy. Had State Farm not paid that judgment, plaintiff would have been permitted under Mississippi law to proceed against State Farm by way of a garnishment proceeding to secure payment of the judgment. *See Commercial Casualty Ins. Co. v. Skinner,* 190 Miss. 533, 1 So.2d 225 (1941).

**4.** Indeed, it has been said that Florida law "favors third-party beneficiary rights created by contracts of insurance to an almost unparalleled extent." *Duke v. Hoch,* 468 F.2d 973, 983 (5th Cir.1972) (citing *Thompson* ).

undisputed that State Farm paid Jordan's claim under his policy for medical payments and property damage. Thus, there was no breach of Jordan's own policy as he was concededly paid all benefits due under his policy, and paid in a timely fashion. Jordan was not a party to the Hood contract and consequently, State Farm had no obligations to Jordan under the terms of that policy; its duties were to its insured under the policy, Hood. Therefore, in denying liability under Hood's policy, State Farm acted on behalf of its insured under that policy, Hood, and could only have breached obligations running in favor of Hood.[5]

Under Mississippi law, a cause of action for "bad faith" in the insurance context is predicated upon a breach of the underlying insurance contract. Jordan, not being a party to the Hood insurance contract, could not sue for a breach thereof and, it follows, cannot sue for punitive damages for a breach thereof. And as the court has previously observed, there is in any event no contention in this case that State Farm breached any of the terms of Hood's contract. In summary, Jordan's claim that he is entitled to recover damages from State Farm because State Farm denied or unreasonably delayed payment of his liability claim against Hood does not present a basis for recovery cognizable under Mississippi law.

■ In any event, plaintiff's own proof demonstrates that his claim of inadequate investigation by State Farm is not factually supported. Plaintiff states in response to defendant's motion that State Farm obtained the recorded statement of Robert Hood on March 8, 1985, in which Hood admitted that he had been drinking and that he had failed a breath test at the scene of the accident. He was questioned by the State Farm claims adjuster regarding an allegation that he was running from the police at the time of the accident because he had allegedly stolen some gasoline. Though Hood denied these allegations, it is nevertheless apparent that State Farm did possess the information which Jordan, in this lawsuit, claims it failed to discover. Moreover, the exhibits appended to plaintiff's response to defendant's present motion, which include excerpts from State Farm's claims file, show that contrary to plaintiff's allegations, the adjuster for State Farm did, on March 8, 1985, obtain a copy of the police report which showed that Hood was driving under the influence at the time of the accident. The agent's note states: "Police report show—Ins. Jordan made improper Turn and Hood DUI." Accordingly, the claimed basis of plaintiff's failure to investigate claim, upon which this case is primarily founded, is refuted by the undisputed facts. The proof shows unequivocally that State Farm had secured the police report early in its investigation, and that it had gained information concerning Hood's alleged theft of gasoline and his driving under the influence.

Finally, the court notes that plaintiff asserts in his response to defendant's motion that State Farm is liable for bad faith for failing to follow a company policy, set forth in State Farm's Adjuster's claims manual, of establishing separate files and assigning different claims representatives to handle each file when an accident occurs between two State Farm insureds. Plaintiff complains that with regard to the March 5 accident, State Farm, in direct contravention of its own adjuster's claims manual, used the same claim representative, Reggie Lott, for both plaintiff and Hood. This claim by Jordan does not find expression anywhere in his complaint, but even had plaintiff asserted such a claim, he has failed to elucidate any basis upon which this would entitle him to recovery. Per-

---

5. Jordan charges in his response to the present motion that State Farm failed to deal with him in a fair manner, even after admitting liability, since its counsel told the jury in closing statements in the state court lawsuit that Jordan's claim had a value of approximately $25,000 when State Farm had offered to settle his claim for only $15,000 the day before trial. The court notes that there is nothing in his complaint concerning this charge. In any event, plaintiff's argument ignores the fact that the argument to the jury was made by Hood's counsel, not by State Farm. Hood's counsel, though provided by State Farm, was acting in his capacity as Hood's representative, not State Farm's and not Jordan's.

haps by this assertion plaintiff means to suggest that this action by State Farm somehow resulted in State Farm's inadequately handling his claim for benefits. However, as stated, benefits were paid to plaintiff in full under his own policy and there is no basis for his asserting a claim against State Farm for any failure to pay benefits under Hood's policy.

Based on the foregoing, it is ordered that defendant's motion to dismiss for failure to state a claim is granted.

A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.