Doris BYRD, Plaintiff,

v.

**PRINCIPAL CASUALTY INSURANCE COMPANY and World Wide Insurance Group, Defendants,**

v.

**Donna C. NORTON, Third–Party Defendant,**

v.

**JOINER INSURANCE AGENCY, INC. and Kemper Insurance Company, Third–Party Defendants.**

**Civ. A. No. E90–0114(L).**

United States District Court, S.D. Mississippi, E.D.

Oct. 10, 1991.

Billie J. Graham, Melvin & Melvin, Laurel, Miss., Jackson H. Ables, III, Jackson, Miss., for Worldwide Ins. Co.

Douglas R. Duke, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, Miss., Thomas T. Buchanan, Laurel, Miss., for Donna Norton.

Thomas Y. Page, Upshaw, Williams, Jackson, Miss., for Kemper Ins. Co.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of third-party defendant Joiner Insurance Agency, Inc. (Joiner) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint of third-party plaintiff Principal Casualty Insurance Company (Principal). The court has considered the motion and response

thereto by Principal and concludes that the motion is well taken and should be granted.

On October 18, 1990, following an automobile accident in which she was allegedly injured, Doris Byrd instituted this action seeking to recover damages under her uninsured motorist insurance policies with Principal and Worldwide Insurance Agency Group (Worldwide) based on allegations that the negligence of Donna Norton, an uninsured motorist, caused her injuries.[1] In its answer to the complaint, Principal denied that Norton was negligent and asserted affirmatively that Byrd's negligence caused the accident. Thereafter, Principal, on December 20, 1990, filed a third-party complaint against Norton asserting a claim for indemnity in the event it was found liable to Byrd.[2] Subsequently, on June 21, 1991, Principal and Norton filed a joint third-party complaint against Joiner and Kemper Insurance Company seeking indemnity, or alternatively, a declaratory judgment that "third-party defendants or, one of them, does [sic] in fact have liability coverage for defendant, Donna Norton, under the facts of this case." In the alternative, the complaint charged that in the event that there is in effect no liability insurance which provides coverage for the accident at issue, then the absence of such coverage is the result of the "negligence, misrepresentation and wrongful acts" of Joiner in failing to procure requested coverage.

■ Joiner has moved to dismiss Principal's claim against it contending that Principal has no standing to seek a declaratory judgment that either Joiner or Kemper has liability coverage for Norton. For purposes of deciding Joiner's motion, it is not necessary that the court determine the propriety of an uninsured motorist carrier's attempting to establish by way of a declaratory judgment action that there exists liability coverage for a loss or that the liability carrier has wrongfully denied coverage. That is because irrespective of the viability vel non of any such claim against the putative liability carrier, the party which here seeks to be dismissed is not an insurer but rather an agent for an insurer. In the court's opinion, Principal has not stated a viable claim against Joiner.

Mississippi Code Ann. § 83–11–101 requires that any automobile liability insurance policy issued in this state contain an endorsement undertaking to pay the insured

> all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended.

The term "uninsured motor vehicle" is defined by statute in Mississippi as:

> (i) A motor vehicle as to which there is no bodily injury liability insurance; or
>
> (ii) A motor vehicle as to which there is such insurance in existence, but the insurance company writing the same has legally denied coverage thereunder or is unable, because of being insolvent at the time of or becoming insolvent during the twelve (12) months following the accident, to make payment with respect to the legal liability of its insured; or
>
> (iii) An insured motor vehicle when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage; or
>
> (iv) A motor vehicle as to which there is no bond or deposit of cash or securities in lieu of such bodily injury and property damage liability insurance or other compliance with the state financial responsibility law, or where there is such bond or

---

**1.** Byrd, a Mississippi resident, initially filed suit in the Circuit Court of Wayne County, Mississippi. Thereafter, on November 19, 1990, Principal, an Iowa insurance company, and Worldwide, a Missouri insurance company, removed the action to this court based on diversity of citizenship.

**2.** Once made a party to this litigation by Principal, Norton filed a third-party claim—erroneously denominated a crossclaim—against Byrd, charging that Byrd caused the accident and resulting injuries sustained by Norton.

deposit of cash or securities, but such bond of deposit is less than the legal liability of the injuring party; or

(v) A motor vehicle of which the owner or operator is unknown; provided that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.

Miss.Code Ann. § 83–11–103. The uninsured motorist endorsement of Principal's policy provided coverage in keeping with these provisions. From what the court is able to glean from the record, Norton and Principal claim in the case sub judice that sometime prior to the accident Norton advised Joiner that she wanted a 1957 Jeep—the vehicle which she was driving at the time of the accident—added to a policy of liability insurance issued to her by Kemper. They maintain that the Jeep was covered by the Kemper policy, coverage having been orally bound by Joiner, or, if it was not covered, then Joiner failed to procure such coverage despite representations that it would do and had done so.[3] Based on these allegations, Principal claims that its uninsured motorist coverage does not apply to the accident between its insured, Byrd, and Norton, and that instead, the Kemper policy affords liability coverage to Norton for the accident or that if it does not, then Joiner, because of his alleged failure to obtain coverage for the vehicle, is liable for the amount of coverage which would have been provided by such a policy.

Assuming solely for purposes of this motion that Norton does in fact have bodily injury liability insurance with Kemper that provides coverage for the Byrd/Norton accident, such insurance would be provided by Kemper, the alleged insurer, and not Joiner, an insurance agent. A claim by Principal that Joiner bound liability coverage for Norton could only be viable, if at all, as against the putative liability carrier because the carrier, and not the agent, incurs liability on the insurance contract, regardless of the method by which that coverage has become effective.[4] There is thus no "actual controversy" between Principal and Joiner as respects the existence of liability insurance coverage on behalf of Norton and therefore, a declaratory judgment action to establish such coverage cannot be maintained against Joiner.

■ Further, the court is of the opinion that Joiner can incur no liability to Principal for failure to procure liability insurance.[5] Whether the failure to procure

---

3. For purposes of deciding a motion to dismiss for failure to state a claim, the court must resolve all contested issues of fact in favor of the plaintiff. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). The court would simply observe that in response to Norton's and Principal's allegations, Kemper seems to contend that while it, or one of its affiliates, had at one time issued a policy of liability insurance to Norton, the policy at no time provided coverage for the 1957 Jeep since Kemper does not provide coverage for Jeeps under any circumstance and that in any event, the only policy which it ever issued to Norton was cancelled for nonpayment of premiums in September 1988, a year and a half prior to the March 5, 1990 accident. It thus appears that the uninsured motorist coverage of Principal's policy is sought to be invoked by Byrd under either subsection (i) or (ii) of Miss.Code Ann. § 83–11–103(c).

4. The principle of agency that an agent for a disclosed principal incurs no liability on his principal's contracts was not altered by the Mississippi Supreme Court's recent decision in *Bass v. California Life Insurance Co.,* 581 So.2d 1087 (Miss.1991). *Bass* held only that an agent for an insurer can "incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Id.* at 1090.

5. It is not clear from a reading of the third-party complaint whether the failure to procure claim is asserted by both Principal and Norton, or solely by Norton. Paragraph 5 states that "in the event that no liability insurance coverage was obtained by Joiner Insurance Agency, Inc., as promised, then it appears that the failure to cover the Jeep driven by Donna Norton was the result of the negligence, misrepresentation and wrongful acts of Joiner Insurance Agency, Inc., *who consequently is liable for the judgment, if any, obtained herein against Donna Norton"* (emphasis added). The allegation does not purport to seek recovery by *Principal* against Joiner. Nevertheless, the court will assume for present purposes that Principal intended to as-

cause of action is asserted in its capacity as Byrd's uninsured motorist carrier or as Byrd's subrogee,[6] Principal cannot maintain the claim against Joiner. While it is assumed for the sake of argument that Joiner could potentially incur liability to Norton based on Norton's claim of failure to procure coverage,[7] any such liability would derive from a duty owed by Joiner to Norton which duty did not extend to Principal. That is, Joiner, not occupying any contractual or legal relationship to either Principal or Byrd, owed no duty to either to procure liability coverage for Norton. In *Westmoreland v. Raper*, 511 So.2d 884 (Miss.1987), the Mississippi Supreme Court refused to permit a direct action against a liability insurer and in doing so specifically rejected the argument that the plaintiff victim was a third-party beneficiary of the liability insurance contract. *Id.* at 885; *see also Jordan v. State Farm Mut. Auto. Ins. Co.*, 774 F.Supp. 424 (S.D.Miss.1991) (noting *Westmoreland*'s rejection of third-party beneficiary theory as basis for injured party's claim against liability insurance carrier). Based on the court's holding in *Westmoreland*, neither Byrd nor Principal, in its capacity as Byrd's subrogee, could maintain an action against Kemper on its liability policy. It follows that neither could proceed against Joiner for failing to procure such a policy. And even under a third-party beneficiary theory, Principal could *not* be viewed as an intended beneficiary of any contract by Joiner to procure insurance for Norton. *See Westmoreland*, 511 So.2d at 886 (citing *Burns v. Washington Savings*, 251 Miss. 789, 171 So.2d 322 (1965)) (right of action must spring from terms of contract itself); *Mississippi High School Activities Ass'n v. Farris*, 501 So.2d 393, 396 (Miss.1987) (third-party beneficiary may sue for breach of contract only when condition allegedly breached was placed in contract for his direct benefit). In summary, Principal's claim against Joiner cannot be maintained.

Principal cites *Aitken v. State Farm Mutual Automobile Insurance Co.*, 404 So.2d 1040 (Miss.1981), for the proposition that it, as the uninsured motorist carrier, is entitled to all of the rights and defenses of Norton, the alleged uninsured motorist. Principal, however, misinterprets *Aitken*. The court there held only that an uninsured motorist carrier is entitled to assert the *defenses* of the alleged uninsured motorist; there was no suggestion that an uninsured motorist insurer may assert any and all claims which the uninsured motorist could assert. *Id.* at 1045. Were *Aitken* the law in Mississippi, it would mean only that Principal could assert against Byrd all of the defenses available to Norton. In other words, if Norton could not be sued, then Principal could not be sued. However, *Aitken* was effectively overruled by the Mississippi Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Nester*, 459 So.2d 787, 793 (Miss.1984), where the court, in reliance upon the notion that Mississippi's uninsured motorist statute is to be liberally construed from the standpoint of the injured insured, held that uninsured motorist coverage applied despite the fact that the injured insured was precluded from making a liability claim against the uninsured tortfeasor.[8]

---

sert this claim against Joiner in order to comprehensively treat Joiner's motion.

**6.** Mississippi Code Ann. § 83–11–107 provides in pertinent part as follows:

> An insurer paying a claim under the endorsement or provisions required by section 83–11–101 shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death, or damage to the extent that payment was made, including the proceeds recoverable from the assets of the insolvent insurer.

By virtue of this provision, Principal would be subrogated to the rights of Byrd against Norton to the extent of any payment made to Byrd in connection with the accident at issue, and it is that section upon which Principal's third-party claim against Norton is predicated.

**7.** *See Simpson v. M–P Enterprises, Inc.*, 252 So.2d 202, 207 (Miss.1971) (agent who, with view of being compensated, agrees to procure insurance for another and through fault or neglect fails to do so, will be liable for damages that result thereby); *Pittman v. Home Indemnity Co.*, 411 So.2d 87, 89 (Miss.1982) (quoting *Simpson*).

**8.** In *Nester*, the court observed that:

> *Aitken* stands alone in the face of ... other decisions and is not supported by authority

Principal's reliance on *State Farm Mutual Automobile Insurance Co. v. Kuehling*, 475 So.2d 1159 (Miss.1985), is likewise misplaced. In *Kuehling*, the court held that so long as an uninsured motorist carrier's policy does not reduce the coverage required by the Mississippi Motor Vehicle Financial and Safety Responsibility Act, the policy may provide for a deduction from payable uninsured motorist benefits of any amount received by the insured from one legally liable to the insured for such damages.[9] The court thus recognized that where a tortfeasor is underinsured, the uninsured motorist carrier is entitled to offset the total of its uninsured motorist coverage by amounts paid to the insured by the tortfeasor's liability carrier. Clearly, however, from the fact that Principal may assert entitlement to an offset against its uninsured motorist coverage benefits otherwise payable to its insured, Byrd, of amounts which are payable to Byrd on Norton's behalf, it does not follow that Principal has a corresponding right to sue to force payment by a third party on behalf of Norton. Moreover, as previously recognized, Joiner is not a liability insurer, and does not have any responsibility to make payments to Byrd on Norton's behalf. *Kuehling* simply provides no basis for Principal's assertion of a failure to procure claim against Joiner.

Finally, Principal's citation to Rule 14 of the Federal Rules of Civil Procedure adds nothing to its position. Rule 14, which governs third-party practice, permits a third-party complaint against "a person ... who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." As the court has heretofore concluded, however, there is no basis upon which to conclude that Joiner "is or may be liable" for any part of Byrd's claim for uninsured motorist benefits against Principal.

---

nor binding to the case sub judice. Any language in that opinion contrary to today's decision is mere dictum and is hereby expressly disfavored.
459 So.2d at 793.

**9.** In so concluding, the court refused to interpret the inclusion of vehicles which are "under-

Based on the foregoing, it is ordered that the motion of third-party defendant Joiner is granted and the third-party complaint of Principal against Joiner is dismissed.

ORDERED.

insured" in the statutory definition "uninsured motor vehicle" to afford greater coverage to one injured by a tortfeasor who is injured by a tortfeasor who is partially insured than to one injured by a tortfeasor who is totally uninsured.